# Harrison v. Carter.

*Bill for an Accounting and to Satisfy Mortgage.*

(Decided May 1, 1913. 61 South. 802.)

*Insane Persons; Contract; Cancellation; Proof.*—Where complainant filed his bill to hold respondent as. trustee for H., alleged to l e mertally non compos, and to satisfy certain mortgages on that ground, and the preponderance of the evidence tended to show that when the transactions occurred, H. was not only attending to his own affairs, but was capable of doing so, and was possessed of the same character of mental ability when the bill was. filed, and complainant had to rely on the testimony of H. to establish his allegations of fraud, the complainant did not carry the burden of proof resting on him, and his bill was properly dismissed.

[Harrison v. Carter.]

APPEAL from Monroe Law and Equity Court.

Heard before Hon. C. J. TORREY, Special Judge.

Bill by W. T. Harrison by next friend against C. F. Carter, for an accounting, to hold Carter as trustee for Harrison, and to satisfy certain mortgages. Decree for respondent and complainant appeals. Affirmed.

HYBART & HARE, for appellant. No brief reached the Reporter.

MCCLELLAN & RATCLIFF, for appellee. The burden was on complainant to sustain the averments of his bill, and his failure to do so authorized a dismissal of the bill whether it contained equity or not.

DE GRAFFENRIED, J.—In this case the judge of the Monroe law and equity court, sitting in equity, pretermitted the consideration of all questions as to the equity of the bill of complaint and denied relief to the complainant upon the ground that the evidence in the case did not sustain the material allegations of the bill, even if the bill contained equity. The bill of complaint proceeds upon the theory that W. T. Harrison's mind is so diseased that he is incapable of attending to business; in fact, that he is legally a non compos mentis; and, upon that theory, the bill was filed in the name of Harrison, by a next friend.

The evidence in the case tends to show that Harrison is illiterate, perhaps inprovident, and that he is probably somewhat below the average uneducated man in mental capacity. The great preponderance of the evidence, however, shows that, when he had with the respondent, Carter, the transactions set up in his bill of complaint, he was not only attending to his ordinary business affairs, but that he was capable of attending

[Metcalf v. First State Bank.]

to them; and the evidence also shows that he was possessed of that same character of mental ability when this bill was filed and when this cause was submitted for final decree. In truth, the testimony of Harrison as to the facts of the case was taken and submitted as a part of the complainant's evidence, and it was upon Harrison's testimony (the testimony of the alleged non compos mentis) that complainant was forced to mainly rely to sustain the material allegations of his bill of complaint as to the fraud therein attempted to be set up.

We have read this record and all of the evidence with patient care, and we are of the opinion that the complainant failed to sustain by his evidence the material allegations of his bill of complaint, and that, whether his bill of complaint did or did not contain equity, he was not, under the evidence, entitled to the relief prayed for in his bill. A detailed discussion of the facts would prove of service to no one.

The decree of the court below is affirmed.

Affirmed.

All the Justices concur, except DOWDELL, C. J., not sitting.